SHARRAR *v.* IONIA CIRCUIT JUDGE.

VENUE—CHANGE OF VENUE—JUDGES—DISQUALIFICATION—CALLING IN OTHER JUDGE.

> Where a circuit judge, considering himself disqualified, called in another judge to hear an application for a continuance under 3 Comp. Laws 1915, § 12342, and the case was set for trial, the judge of an adjoining circuit was without jurisdiction to order a change of venue therein while said case was under said order.

Mandamus by George E. Sharrar to compel Frank D. M. Davis, circuit judge of Ionia county, to vacate an order granting a change of venue. Submitted January 7, 1919. (Calendar No. 28,570.) Writ granted April 3, 1919.

*William A. Bahlke* and *Charles H. Goggin,* for plaintiff.

*Lyon & Searl,* for defendant.

BIRD, C. J.   In February, 1918, there was pending and at issue in the Gratiot circuit court two causes in which Clinton Nelson was plaintiff.   George J. Sandel was defendant in one of them, and George E. Sharrar in the other.   There was at that time pending in both cases applications for continuance.   Judge Moinet of that circuit, being disqualified to sit in the cases by reason of his former connection therewith as counsel, called in Judge Collingwood of the Ingham circuit to hear the motions.   They were heard and the cases ordered set down for trial on March 18th, subject to certain conditions, which are immaterial to this controversy.   Subsequently the parties stipulated in open court that the cases should be set down for trial in the April term.   The case of *Nelson* v. *Sandel* was then tried and disposed of, but the case of *Nelson* v. *Sharrar* was not taken up, owing to the fact that Judge Tappan, of the St. Clair circuit, was unable to remain longer on account of pressing work in his own circuit.   Matters drifted along until July 13th, when counsel for plaintiff filed a petition in the Ionia circuit court, praying for change of venue in the case of *Nelson* v. *Sharrar* on the ground that Judge Moinet was disqualified to sit therein.   The petition was heard by Judge Davis of that circuit and subsequently a change of venue therein was ordered to the county of Ionia.

Counsel for defendant contend that this order ought not to have been made, that Judge Davis had no jurisdiction to make the order, and they apply to this court for a writ of mandamus to compel him to set aside his order.   Several reasons are assigned by counsel for this position, but the one we shall consider is as follows:

"Relator claims that under section 12342, 3 Comp. Laws 1915 (the judicature act), that all jurisdiction to transfer a cause on account of the disqualification

of the judge of the circuit in which the cause is pending, is at an end when the judge of the circuit court in which such cause is pending, has called in any other judge to hear the case, who is not disqualified to sit in such case. His discretion has been exercised to any exclusion of the right of the parties."

The wording of the section gives evidence that the legislature intended to invest a circuit judge with the discretion to either transfer the cause or to call in another judge when he is disqualified to act in a given case. The words *"or the judge of the circuit in which such suit is pending may call in any other judge not disqualified to sit in such case,"* are new and were added by the judicature act with the evident purpose of opening the way for a substitute judge who is qualified to sit so that a trial may be had in the vicinage and avoid the added expense which is incurred by the home county and litigants where causes are transferred to another county. Both of these objects are desirable and where the change of venue is sought on the ground of the disqualification of the judge, an impartial trial can be had as well by calling in another judge as to remove the proceedings to another county.

The record shows that Judge Moinet considered himself disqualified and that he exercised his discretion to secure another judge, and did secure another judge on several occasions when motions were to be heard and orders made. Both cases were set for trial on March 18th in the Gratiot circuit court. One was tried and the other would have been, except for the urgency of business in Judge Tappan's home district. In view of the fact that Judge Moinet exercised his discretion under this section to call in another judge to hear the case, and the visiting judge set the case for trial in the Gratiot circuit court, it must be held that the case was still resting under this order when plaintiff's petition was filed in the Ionia circuit court

for a change of venue.   Had counsel desired to file a
motion in an adjoining circuit for a change of venue,
before doing so they should have taken some steps to
have the order theretofore made by Judge Colling-
wood vacated and set aside.   We are of the opinion
that while this order was in force, no judge of an
adjoining circuit had jurisdiction to order a change
of venue therein.

The writ must issue as prayed.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and
KUHN, JJ., concurred.   OSTRANDER, J., did not sit.